## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o DIANE TENCZA, | |
| Plaintiffs, | CIVIL ACTION NO.: 12-4387-CCC-JAD |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NJ; WYETH PHARMACEUTICALS; ABC CORP. (1-10)(Said names being fictitious and unknown entities) | |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Horizon Blue Cross Blue Shield of New Jersey (improperly pleaded as Horizon Blue Cross Blue Shield of NJ) ("Horizon") hereby answers the Complaint filed by Plaintiff Montvale Surgical Center a/s/o Diane Tencza and files the following Affirmative Defenses.

### THE PARTIES

1.     Horizon admits only that Plaintiff is an out-of-network provider and does not have a contract with Horizon.  Horizon is without sufficient knowledge to confirm or deny the remaining allegations contained within paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2.     The allegations contained in paragraph 2 of the Complaint are not directed towards Horizon and therefore no response is required.  To the extent an answer is deemed necessary, Horizon is without sufficient knowledge to confirm or deny the allegations contained within paragraph 2 of the Complaint and leaves Plaintiffs to its proofs.

3.     The allegations contained in paragraph 3 of the Complaint are not directed towards Horizon and therefore no response is required.  To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 3 of the Complaint.

4.     The allegations contained in paragraph 4 of the Complaint are not directed towards Horizon and therefore no response is required.  To the extent an answer is deemed necessary, Horizon is without sufficient knowledge to confirm or deny the allegations contained within paragraph 4 of the Complaint and leaves Plaintiff to its proofs.

5.     Horizon is without sufficient knowledge to confirm or deny the allegations contained within paragraph 5 of the Complaint and leaves Plaintiff to its proofs.

6.     Horizon denies each and every allegation contained within paragraph 6 of the Complaint except to admit only that it is a not-for-profit health service corporation established under the Health Service Corporations Act, N.J.S.A. 17:47E-1 to -48, and is authorized to do business in the State of New Jersey with its principal place of business located at Three Penn Plaza, Newark, New Jersey.  Horizon provides health care benefits and insurance and administrative services under the terms of its benefit plans or policies of insurance which provide in-network benefits and in some instances, out-of-network benefits.

7.     Horizon denies each and every allegation contained in paragraph 7 of the Complaint.  By way of further answer, any assignment of benefits as against Horizon is void and unenforceable as a matter of public policy.  See Somerset Orthopedic Associates, P.A. v. Horizon Blue Cross Blue Shield of New Jersey, 345 N.J. Super. 410, 413-415 (App. Div. 2001).

2

2737757-01

## SUBSTANTIVE ALLEGATIONS

8.      Horizon denies each and every allegation contained in paragraph 8 of the Complaint except to admit only that it provides health care benefits and insurance and administrative services under the terms of its benefit plans or policies of insurance which provide in-network benefits and in some instances, provide out-of-network benefits.

9.      Horizon denies that the services allegedly rendered were "medically necessary" and were approved by Horizon.  Horizon is without sufficient knowledge to confirm or deny the remaining allegations within paragraph 9 of the Complaint and leaves Plaintiff to its proofs.

10.     Horizon denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Horizon denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Horizon denies each and every allegation contained in paragraph 12 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefits plan.

13.     Horizon denies each and every allegation contained in paragraph 13 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefits plan.

14.     Horizon denies each and every allegation contained in paragraph 14 of the Complaint except to admit only that the claims at issue were properly processed and paid in

accordance with the terms, conditions, exclusions and limitations of the applicable health benefits plan.

15.     Horizon denies each and every allegation contained in paragraph 15 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefits plan.

16.     Horizon denies each and every allegation contained within paragraph 16 of the Complaint.

17.     Horizon denies each and every allegation contained within paragraph 17 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefits plan.

18.     The averments contained in paragraph 18 of the Complaint are nothing more than legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 18 of the Complaint.

**WHEREFORE,** Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## FIRST COUNT
### (Breach of Contract - Horizon)

19.     Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

20.     Horizon admits only that it conducts business throughout the State of New Jersey, including Passaic County.  The remaining allegations contained within paragraph 20 of the

4

Complaint are legal averments to which no response is required. To the extent that an answer is deemed necessary, Horizon denies the remaining allegations contained within paragraph 20 of the Complaint.

21.     Horizon denies each and every allegation contained within paragraph 21 of the Complaint except to admit only that Diane Tencza receives health benefits pursuant to the terms, conditions, exclusions and limitations of the applicable health benefits plan administered by Horizon.

22.     Horizon denies each and every allegation contained within paragraph 22 of the Complaint.

23.     Horizon denies each and every allegation contained within paragraph 23 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### SECOND COUNT
### (Breach of Contract - Wyeth)

24.     Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

25.     The allegations contained within paragraph 25 of the Complaint are not directed towards Horizon and therefore no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 25 of the Complaint.

26.     The allegations contained within paragraph 26 of the Complaint are not directed towards Horizon and therefore no response is required. To the extent an answer is deemed

2737757-01

necessary, Horizon denies each and every allegation contained within paragraph 26 of the Complaint.

27.     The allegations contained within paragraph 27 of the Complaint are not directed towards Horizon and therefore no response is required.  To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 27 of the Complaint.

28.     The allegations contained within paragraph 28 of the Complaint are not directed towards Horizon and therefore no response is required.  To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 28 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

<div align="center">

### THIRD COUNT
**(Promissory Estoppel)**

</div>

29.     Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

30.     Horizon denies each and every allegation contained within paragraph 30 of the Complaint.

31.     Horizon denies each and every allegation contained within paragraph 31 of the Complaint.

32.     Horizon denies each and every allegation contained within paragraph 32 of the Complaint.

33.     Horizon denies each and every allegation contained within paragraph 33 of the Complaint.

34.   Horizon denies each and every allegation contained within paragraph 34 of the Complaint.

35.   Horizon denies each and every allegation contained within paragraph 35 of the Complaint.

36.   Horizon denies each and every allegation contained within paragraph 36 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## FOURTH COUNT
**(Negligent Misrepresentation)**

37.   Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

38.   Horizon denies each and every allegation contained within paragraph 38 of the Complaint.

39.   Horizon denies each and every allegation contained within paragraph 39 of the Complaint.

40.   Horizon denies each and every allegation contained within paragraph 40 of the Complaint.

41.   Horizon denies each and every allegation contained within paragraph 41 of the Complaint.

42.   Horizon denies each and every allegation contained within paragraph 42 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

2737757-01

## FIFTH COUNT
### (Unjust Enrichment)

43.     Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

44.     Horizon denies each and every allegation contained within paragraph 44 of the Complaint.

45.     Horizon denies each and every allegation contained within paragraph 45 of the Complaint.

46.     Horizon denies each and every allegation contained within paragraph 46 of the Complaint.

**WHEREFORE,** Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## FIFTH COUNT

47.     Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

48.     The allegations contained in paragraph 48 of the Complaint are not directed towards Horizon and therefore no response is required.  To the extent an answer is deemed necessary, Horizon is without sufficient knowledge to confirm or deny the allegations within paragraph 48 of the Complaint and leaves Plaintiff to its proofs.

8

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

> CONNELL FOLEY LLP
> Liberty View
> 457 Haddonfield Rd., Ste. 230
> Cherry Hill, NJ 08002
> *Attorneys for Defendant*
> *Horizon Blue Cross Blue Shield*
> *of New Jersey*
>
> BY: _____
>      Edward S. Wardell, Esquire
>      Matthew A. Baker, Esquire

DATE:    July 25, 2012

9

2737757-01

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by the express terms of the applicable health benefit plan.

3.      Plaintiff's claim seeks benefits that are not eligible for coverage according to the terms of the relevant health benefit plan.

4.      Plaintiff's claims are barred because Plaintiff lacks any contract with Horizon.

5.      Horizon did not violate any legal or contractual duty owed to Plaintiff.

6.      Horizon acted reasonably and in good faith with Plaintiff at all times.

7.      The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and the Plaintiffs are limited to remedies thereunder as against Horizon which are limited to payment of benefits that were allegedly denied.

8.      Plaintiff's claims are expressly and completely preempted in whole or in part by Sections 502(a) and 514(a) of ERISA, 29 U.S.C. §§1132(a) and 1144(a).

9.      Plaintiff's claims are barred by reasons of the Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

10.      The complaint may be barred by the applicable Statute of Limitations.

11.      Plaintiff's claims are barred because Plaintiff lacks standing to pursue this action.

12.      Plaintiff has failed to exhaust all appeal rights under the applicable health benefit plan.  Thus, the Complaint is premature and must be dismissed.

13.      Plaintiff's claims are barred because Horizon fulfilled all its obligations under the health benefits plan and/or policies of insurance.

14.      Horizon is not a proper party to this litigation.

2737757-01

15.     Horizon reserves the right to amend its answer to assert additional defenses and/or supplement, alter or change its answers upon completion of the appropriate investigation and discovery.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

<div style="margin-left:40%">

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield*
*of New Jersey*

BY:     _____
        Edward S. Wardell, Esquire
        Matthew A. Baker, Esquire

</div>

DATE:     July 26, 2012

11

<u>**DESIGNATION OF TRIAL COUNSEL**</u>

Please be advised that Edward S. Wardell, Esquire is designated for trial counsel for

Defendant Horizon Blue Cross Blue Shield of New Jersey.

        CONNELL FOLEY LLP
        Liberty View
        457 Haddonfield Rd., Ste. 230
        Cherry Hill, NJ 08002
        *Attorneys for Defendant*
        *Horizon Blue Cross Blue Shield*
        *of New Jersey*

BY: _____
        Edward S. Wardell, Esquire
        Matthew A. Baker, Esquire

DATE:   July 26, 2012

12

2737757-01

## <u>CERTIFICATE OF SERVICE</u>

I, Randi P. Vuich, of full age, hereby certify that the within Answer and Affirmative Defenses has been electronically filed with the Clerk within the time and in the manner prescribed by the Rules of Civil Procedure and that a copy of the within pleading has been served this date, via email and first-class mail, postage prepaid, upon:

Massood & Bronsnick, LLC
50 Packanack Lake Rd. East
Wayne, NJ 07470
*Attorneys for Plaintiff*

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Randi P. Vuich

DATE:    July 26, 2012

13

2737757-01