

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
Tel 973 538-6890
Fax 973 540-9015
www.jacksonlewis.com
Richard J. Cino - Managing Partner

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| ALBUQUERQUE, NM | GREENVILLE, SC | MORRISTOWN, NJ | PROVIDENCE, RI |
| ATLANTA, GA | HARTFORD, CT | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | RICHMOND, VA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SACRAMENTO, CA |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAINT LOUIS, MO |
| BOSTON, MA | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN DIEGO, CA |
| CHICAGO, IL | LONG ISLAND, NY | ORLANDO, FL | SAN FRANCISCO, CA |
| CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | WASHINGTON, DC REGION |
| DENVER, CO | MILWAUKEE, WI | PORTLAND, OR | WHITE PLAINS, NY |

CARLA D. MACALUSO
Email Address: macalusc@jacksonlewis.com

October 26, 2012

**VIA FACSIMILE & ECF**
Honorable Joseph A. Dickson, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Courthouse
50 Walnut Street
Newark, NJ 07101

     Re: Montvale Surgical Center, LLC a/s/o Diane Tencza v. Horizon
        Blue Cross Blue Shield of New Jersey; Wyeth Pharmaceuticals
        Civil Action No.: 2:12-cv-4387

Dear Judge Dickson:

   Enclosed please find a fully executed joint discovery plan in anticipation of the conference scheduled for Monday, October 29, 2012, at 10:30 a.m., in reference to the above matter.

   We thank the Court for its attention to this matter.

           Respectfully submitted,

          JACKSON LEWIS LLP

          */s/ Carla D. Macaluso*
          Carla D. Macaluso

CDM/lac
Enclosure
cc: Andrew R. Bronsnick, Esq. (w/encl. via ECF)
   Matthew A. Baker, Esq. (w/encl. via ECF)

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANT PFIZER INC.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o DIANE TENCZA, | : | Civil Action No. 2:12-cv-4387(CCC)(JAD) |
| Plaintiffs, | : | |
| v. | : | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY; WYETH PHARMACEUTICALS; ABC CORP. (1-10) (said names being fictitious and unknown entities), | : | **JOINT DISCOVERY PLAN** |
| Defendants. | : | |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   Plaintiff Montvale Surgical Center, LLC ("Plaintiff") asserts an assignment of benefits from Diane Tencza ("Tencza"), filed the within complaint against Defendants Horizon Blue Cross Blue Shield of New Jersey ("Horizon") and Pfizer Inc., as successor-in-interest to Wyeth, Inc., s/h/a Wyeth Pharmaceuticals ("Wyeth")(collectively "Defendants"), alleging the following causes of action: (1) breach of contract against Horizon; (2) breach of contract against Wyeth; (3) promissory estoppel; (4) negligent misrepresentation; and (5) unjust enrichment. A sixth cause of action is asserted against unknown defendants.

   Defendants deny Plaintiff's complaint in its entirety. Defendants assert the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable Plan. Defendants also assert that Plaintiff's claims are preempted by ERISA and that Plaintiff failed to exhaust its administrative remedies under the Plan.

2. Have settlement discussions taken place? Yes _____ No __X__

   If so, when? _____

   (a) What was plaintiff's last demand? **N/A**

    (1) Monetary demand: $_____
    (2) Non-monetary demand: _____

  (b) What was defendant's last offer? **N/A**

    (1) Monetary offer: $_____
    (2) Non-monetary offer: _____

3. The parties [have ____ have not **X** ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

   **Plaintiff has provided its initial disclosures. Defendants plan to complete the exchange of initial disclosures within two weeks of the initial conference.**

4. Describe any discovery conducted other than the above disclosures.

   **None.**

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

   **None anticipated at this time.**

6. The parties proposed the following:

   (a) Discovery is needed on the following subjects:

     (1) **With regard to the Plaintiff's claim for benefits, only the administrative record is applicable.**

     (2) **Plaintiff's damages, if any;**

     (3) **Defendants' defenses to Plaintiff's claims; and**

     (4) **As it relates to the preservation of electronically stored information, the parties agree that their preservation obligations will be consistent with L. Civ. R. 26.1(d), and that any discovery of electronically stored information will be made initially in hard copy format. The parties further agree that they do not waive their right to seek supplemental discovery of such electronically stored information in its native format in accordance with the procedures set forth in L. Civ. R. 37.1;**

     (5) **Plaintiff will preserve, and not destroy, discard, or alter, any electronically stored data, including any electronically stored data on computers, laptops, servers, external hard drives, tape backup, CDs, DVDs, or other devices (PDAs, cell phones, etc.) within its custody,**

2

                control, or possession; and

        (6)    Any and all electronically-stored information shall be produced in paper form, unless otherwise agreed to by the parties or ordered by the Court.

(b)    Should discovery be conducted in phases? If so, explain. **No**.

(c)    Number of Interrogatories by each party to each other party: **15** (Only for claims unrelated to the denial of benefits)

(d)    Number of Depositions to be taken by each party: **1** (Only for claims unrelated to the denial of benefits)

(e)    Plaintiff's expert report due on **March 29, 2013**.

(f)    Defendant's expert report due on **May 31, 2013**.

(g)    Motions to Amend or to Add Parties to be filed by **November 19, 2012**.

(h)    Dispositive motions to be served within **60** days of completion of discovery.

(i)    Factual discovery to be completed by **April 30, 2013**.

(j)    Expert discovery to be completed by **June 28, 2013**.

(k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: **N/A**

(l)    A pretrial conference may take place on: **To be determined by the Court following the resolution of any dispositive motion**.

(m)    Trial by jury or non-jury Trial? **Non-jury trial**.

(n)    Trial date: **To be determined by the Court following the resolution of any dispositive motion**.

7.    Do you anticipate any discovery problem(s)? Yes _____ No __X__
If so, explain.

8.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes _____ No __X__
If so, explain.

**None anticipated at this time. The parties will alert the Court if any special discovery needs arise.**

9. State whether this case is appropriate for voluntary arbitration (pursuant to L.Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

**Mediation may be appropriate following the exchange of initial discovery.**

10. In this case appropriate for bifurcation? Yes _____ No __X__

11. We [do ____ do not _X_ ] consent to the trial being conducted by a Magistrate Judge.

By: _____
Andrew R. Bronsnick, Esq.
Massood & Bronsnick, LLC
50 Packanack Lake Road East
Wayne, NJ 07470
Attorneys for Plaintiffs

By: _____
Edward S. Wardell, Esq.
Matthew A. Baker, Esq.
Connell Foley LLP
Liberty View Building 457
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
Attorneys for Defendant Horizon Blue Cross Blue Shield of New Jersey

Dated: 10/25/2012

Dated: _____
By: _____
John M. Nolan, Esq.
Carla D. Macaluso, Esq.
Jackson Lewis LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
Attorneys for Defendant Pfizer Inc.

Dated: 10/25/12

205082 Proposed Joint Discovery Plan.doc
4831-3017-7553, v. 1

4

9.  State whether this case is appropriate for voluntary arbitration (pursuant to L.Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

    **Mediation may be appropriate following the exchange of initial discovery.**

10. In this case appropriate for bifurcation? Yes _____ No __X__

11. We [do ____ do not _X_ ] consent to the trial being conducted by a Magistrate Judge.

By: _____
Andrew R. Bronsnick, Esq.
Massood & Bronsnick, LLC
50 Packanack Lake Road East
Wayne, NJ 07470
Attorneys for Plaintiffs

Dated: 10/25/12

By: _____
John M. Nolan, Esq.
Carla D. Macaluso, Esq.
Jackson Lewis LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
Attorneys for Defendant Pfizer Inc.

Dated: _____

By: _____
Edward S. Wardell, Esq.
Matthew A. Baker, Esq.
Connell Foley LLP
Liberty View Building 457
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
Attorneys for Defendant Horizon Blue Cross Blue Shield of New Jersey

Dated: _____

205082 Proposed Joint Discovery Plan.doc
4831-3017-7553, v. 1

4